(11 Misc. Rep. 177.)

### McCONNELL v. ATLANTIC AVE. R. CO.

(City Court of Brooklyn, General Term. January 28, 1895.)

CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

While plaintiff's wagon was going along on defendant's street-car track, a car approached from behind, and signaled the driver to turn out. The driver, being unable to turn to the right because of obstructions, turned to the left, on the other car track. At that time he saw a car approaching on the left-hand track about 200 feet away. While in the act of crossing such track he again looked, and saw the car about 30 feet away, and before he could clear the track he was struck. *Held*, that whether the driver was guilty of contributory negligence was a question for the jury.

Appeal from trial term.

Action by Richard J. McConnell against the Atlantic Avenue Railroad Company for injuries to plaintiff's horse and wagon. From a judgment entered on the verdict in favor of plaintiff, and from an order denying a motion for new trial, defendant appeals. Affirmed.

Argued before OSBORNE and VAN WYCK, JJ.

Bergen & Dykman, for appellant.

Herbert S. Worthley, for respondent.

OSBORNE, J. Plaintiff brought this action to recover damages for injuries to his horse and wagon, alleged to have been caused by one of defendant's cars negligently colliding therewith. He obtained a verdict, and from the judgment entered thereon, and an order denying a motion for a new trial, the defendant appeals. It is urged on behalf of the appellant that the motion to dismiss, at the end of plaintiff's case, should have been granted, on the ground of a failure to prove his freedom from contributory negligence; and it is further contended that the refusal of the learned trial judge to grant defendant's motion to direct a verdict for the defendant, at the close of the case, was erroneous. We are of the opinion that the plaintiff made out a case that it was proper to submit to the jury on the question of plaintiff's freedom from contributory negligence. It appeared that on the evening of November 13, 1893, plaintiff's driver was driving his horse and wagon down Atlantic street, between Henry and Hicks, and was proceeding on the down or right hand railroad track of defendant. While so driving, a horse car came up behind him on the same track, and the driver of the car, by ringing the bell, signaled to plaintiff's driver to get off the track, so that the car could proceed on its way. Plaintiff's driver, in obedience to said signal, started to turn to the right; but, finding that that portion of Atlantic street was obstructed by numerous trucks and wagons passing down on that side of the street, he then proceeded to turn out to the left. Just before he started to turn to the right, he saw defendant's car coming up Atlantic street, on the up track, some 200 feet away. While in the act of crossing the up track, and when he next looked, he saw defendant's car some 30 feet away from him; but, before he could get entirely across the track, the horse and wagon were struck by defendant's car, and the injuries were sustained of which plaintiff complains.

We are not prepared to say, as matter of law, that the driver of plaintiff was guilty of contributory negligence. He was bound to get off the track to make room for the car approaching behind him to pass. Adolph v. Railroad Co., 76 N. Y. 530. He could not turn to the right, as before stated, and the only course left him to pursue was to turn to the left. He had looked just before, and seen defendant's car approaching, and at a distance of some 200 feet from him, and, we think, was justified in assuming that he would be able to cross before the up car could reach him. It was the duty of the motorman of the up car to be on the lookout, and to have his car under control, to avoid injury to vehicles. It seems to us that it was a question for the jury to determine whether, under all the circumstances, plaintiff's driver was free from negligence, and whether the injuries sustained were due to the negligence of the motorman. It appeared from the evidence of the motorman that he could stop his car within a distance of five or six feet. Assuming the statement of the plaintiff's driver to be correct,—that he started to cross the track 30 feet in front of the car,—it is plain that, if the motorman had been vigilant, he would have seen plaintiff's driver, and been able to stop his car in ample time to avoid a collision. The questions as to the contributory negligence of the plaintiff's driver and the negligence of the defendant were submitted to the jury by the learned trial judge, in a charge to which no exception was taken. The jury have found a verdict in favor of the plaintiff, and we think there is ample evidence in the case to support the same. No other exceptions taken by the learned counsel for the defendant seem to us to be tenable, or to call for any discussion. We are of the opinion that the judgment and order denying motion for a new trial should be affirmed, with costs.